# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

CASSIE JACKSON,　　　　　　　　　　)
o/b/o J.L.B., a minor child,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case. No. 16-CV-47-TCK-GBC
　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,　　　　　　　)
Acting Commissioner of　　　　　　　)
the Social Security Administration,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)

## OPINION AND ORDER

Before the Court is the magistrate's Report and Recommendation (Doc. 21) recommending affirmance of Defendant's final decision denying Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83c, on behalf of her daughter, J.L.B., a minor child. The Appeals Council denied review of the Administrative Law Judge's ("ALJ's") decision, and Plaintiff appealed to this Court. Following issuance of the magistrate's Report and Recommendation, Plaintiff filed a timely objection (Doc. 24).

## I.    Standard of Review

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. The parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the magistrate's report and recommendation in whole or in part. Fed. R. Civ. P. 72(b).

**II.     Applicable Law**

An individual under the age of eighteen will be considered disabled if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(c)(I). The Commissioner's regulations prescribe a three-step sequential evaluation process for determining whether a child's impairment(s) result in marked and severe functional limitations:

> Step one:  If a child is engaged in substantial gainful activity, he or she is not disabled. 20C.F.R. § 416.924(b) (2016).
>
> Step two: If a child's impairment(s) are not severe, *i.e.*, causes no more than minimal functional limitations, he or she is not disabled. 20 C.F.R. § 416.924(c).
>
> Step three:  If a child's impairment(s) do not meet, medically equal, or functionally equal the listings (20 C.F.R. pt. 404, Subpt. P, app. 1), he or she is not disabled.

20 C.F.R. § 416.924(d).  To determine whether a child's impairment(s) functionally equal the listings, the Commissioner assesses the functional limitations caused by the child's impairment(s). *See* 20 C.F.R. § 416.926a(a). The Commissioner considers how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).  If a child's impairments result in "marked" limitations (*i.e.*, limitations that seriously interfere with the child's ability to perform activities) in two domains, or an "extreme" limitation (*i.e.*, a limitation that very seriously interferes with the child's ability to perform activities) in one domain, the impairment(s) functionally equal the listings and the child will be found disabled.  *See* 20 C.F.R. § 416.926a(d).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported

by substantial evidence; and second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

**III.     Analysis**

The ALJ made his decision at step three of the evaluation process, having determined that J.L.B. was not engaging in substantial gainful activity and that she has severe impairments. (*See* Tr. 19.) The ALJ determined that J.L.B. has no limitation or a "less than marked" limitation in each of the six functional equivalence domains and therefore was not disabled as defined in the Social Security Act. Plaintiff contends the ALJ erred in his determination on five of the six domains, failed to develop the record, and failed to make credibility findings or adequately explain his credibility determinations.

> Under the Social Security Act,
>
> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. 405(b)(1).

"Failure . . . to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (internal quotation marks omitted); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding that ALJ's "bare conclusion [was] beyond meaningful judicial review" and that ALJ was required to "explain why he found that [claimant] was not disabled at step three"); *Sanders v. Colvin*, 2015 WL 1357925, *4 n.3 (citing cases).

3

Upon *de novo* review of the ALJ's decision, the Court finds that the ALJ failed to adequately explain his determination of a "less than marked" limitation or no limitation in three domain areas and failed to make adequate credibility findings as to the testimony of J.L.B.'s mother, who testified on J.L.B.'s behalf. The Court does not make a finding that the ALJ's decision was not supported by substantial evidence. Rather, the Court finds remand is necessary because the ALJ's failure to adequately explain his findings, as explained below, precludes meaningful judicial review of his decision.

With respect to the third domain, "interacting and relating with others," the ALJ found J.L.B. has a "less than marked" limitation. The ALJ cited evidence that J.L.B. received a five-day school suspension for fighting, shows disrespect toward her teachers, steals and lies, and has difficulty playing cooperatively, following rules, and taking turns in conversation. The only arguably mitigating evidence cited by the ALJ was J.L.B.'s mother's statement that J.L.B. is able to make friends but has difficulty keeping them. Accordingly, the ALJ failed to explain how he reached his finding of a "less than marked" limitation in this domain.

With respect to the fourth domain, "moving about and manipulating objects," the ALJ found J.L.B. has no limitation. The ALJ provided no explanation or evidence supporting this finding. Elsewhere in his decision, the ALJ found that Plaintiff has severe asthma, (*id.* at 19), and cited evidence that due to Plaintiff's asthma she loses breath while riding a bike or running (*id.* at 26.). The ALJ does not address evidence that Plaintiff's asthma requires her to rest while playing basketball and that she cannot run a mile or climb stairs. (Tr. 57, 61.) Accordingly, the ALJ did not provide the Court with a reviewable explanation.

4

With respect to the fifth domain, "caring for yourself," the ALJ found J.L.B. has a "less than marked" limitation. The ALJ cited evidence that J.L.B. has problems handling frustration and being patient, and has deficiencies in taking care of her personal hygiene and knowing when to ask for help. The ALJ did not cite any further evidence or explain why these findings indicated a "less than marked" limitation. Therefore, the Court lacks a sufficient basis to determine whether this finding was made following appropriate legal principles.

It is also unclear whether the ALJ made any findings regarding the credibility of J.L.B.'s mother. The ALJ stated that "the statements concerning the intensity, persistence and limiting effects of [J.L.B.'s] symptoms are not entirely credible for the reasons explained below." (*Id.*) However, it is not clear whether this finding refers to the testimony of J.L.B.'s mother or to other evidence. Accordingly, the ALJ's credibility findings are insufficient to enable meaningful judicial review. *See Bledsoe ex rel. J.D.B. v. Colvin*, 544 Fed. Appx. 823 (10th Cir. 2013) (unpublished) (holding that ALJ's narrative summary of a parent's testimony was "insufficient to fulfill the ALJ's duty to perform a credibility analysis").

For the reasons set forth above, the ALJ's decision is reversed and remanded for further proceedings consistent with this Opinion and Order. The Court does not address the remaining issues raised in Plaintiff's objection. *See Watkins v. Barnhard*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *Harjo v. Colvin*, No. 14-CV-0201-CVE, 2015 WL 4757190 (N.D. Okla. Aug. 11, 2015) ("The Court declines to issue an advisory opinion on an issue that will be considered by the ALJ on remand of the case . . . .") (internal citation omitted).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 21) is rejected, and the Commissioner's decision denying plaintiff's application for disability benefits is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order. A separate judgment is entered herewith.

**SO ORDERED** this 28th day of September, 2017.

**TERENCE KERN**
**United States District Judge**